UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 12-05-DCR |
| V. | ) | |
| HENRY EARL PENN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 1, 2012, Defendant Henry Penn pleaded guilty to conspiring to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 34] He was later sentenced to a 92-month term of imprisonment, to be followed by five years of supervised release. [Record No. 62] Penn has now filed a *pro se* motion for a sentence reduction based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[1] [Record No. 77] In support of his request for a reduced sentence, Penn has provided a list of programs in which he participated during his imprisonment. [Record No. 77-1] However, after reviewing the defendant's motion, the attached list, and the record of this proceeding, the Court concludes that a reduction of his sentence is not warranted.

---

[1] Penn also requests appointment of counsel. [Record No. 77, p. 2] There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2) "does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether to appoint counsel. Here, the record and information available from the original sentencing are sufficient to consider a § 3582(c)(2) motion. Under the facts presented, appointment of counsel would be unnecessary and a waste of resources.

The facts supporting Penn's guilty plea are outlined in paragraph three of his Plea Agreement. They are as follows:

> Neil Clark has been identified as a leader in an organization sponsoring people to travel to Florida to obtain prescription medication, specifically oxycodone. Clark sent underlings to Florida for approximately one year to obtain prescription medications to distribute. Clark paid for all expenses involved in the trips to Florida including Dr. visits, MRIs, hotels, and filled prescriptions. Penn, one of the co-conspirators, acknowledges his involvement. Penn states the conspiracy went back at least a year, and patient files retrieved from Florida corroborate this timeline. Penn advises that he personally made several visits to clinics in Florida, and that the oxycodone he obtained was brought back to Kentucky and distributed in association with Clark. Several other interviews of co-conspirators corroborate this information. Additionally, a small controlled buy of oxycodone was made from Penn.
>
> The defendant admits that the pills that he obtained and distributed did in fact contain oxycodone, a Schedule II controlled substance.

[Record No. 56] Based on the amount of drugs involved,[2] the defendant's base offense level was determined to be 26. [Presentence Investigation Report, "PSR," p. 5] Penn received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 23. However, Penn's criminal history was substantial. With a criminal history category of VI, Penn's sentencing range under the 2011 edition of the United States Sentencing Guidelines ("U.S.S.G.") was 92 to 115 months. [*Id.*, p. 23]

The Government moved for a downward departure under U.S.S.G. § 5K1.1 due to the defendant's cooperation during the investigation. [Record No. 52] The Court granted the motion [*see* Record No. 55], but after considering all the relevant sentencing factors, the undersigned concluded that a minimum term of imprisonment of 92 months was necessary to

---

[2]  Penn was responsible for conspiring to distribute 540 oxycodone 30-milligram tablets and 240 oxycodone 15-milligram pills, which yield a marijuana equivalency of 132.66 kilograms. [PSR, p. 5]

meet all statutory sentencing factors. A lesser term of incarceration would not provide sufficient punishment or deterrence to the defendant. And although the Court had the discretion to impose a lesser term of imprisonment, such action would unduly diminish the serious nature of Penn's conduct.

Penn is currently scheduled to be released from incarceration on May 26, 2018. *See* http://www.bop.gov/inmateloc/ (last checked January 21, 2016). The United States Sentencing Commission has since amended the applicable guideline range and given the amendments retroactive effect. *See* U.S.S.G. App. C., amend. No. 782, U.S.S.G. § 1B1.10, p.s. (eff. Nov. 1, 2014). As a result, the relevant drug quantity table in the U.S.S.G. was reduced by two levels. With a re-calculated total offense level of 21, Penn's non-binding guideline range under the 2014 amendments would be 77 to 96 months.[3]

Thus, the issue presented is whether a reduced sentence is now warranted in light of the facts of the case and relevant factors to be considered under 18 U.S.C. § 3553. In addressing this question, the Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes of the defendant. After again considering these and other sentencing factors, the Court concludes that a reduced term of imprisonment is not warranted.

---

[3] A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise *leniency* to give [them] the benefits of an amendment to the Guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (emphasis added).

As discussed during the sentencing hearing, conspiring to possess with intent to distribute oxycodone is a very serious offense. As noted above, and under the facts presented, a reduced sentence would unduly diminish the seriousness of Penn's criminal conduct. Additionally, the defendant has an extensive criminal history,[4] which presents a danger to the public and a significant likelihood that he will reoffend when released. In fact, when Penn committed the offense resulting in his conviction, he had two charges pending with the Franklin County Circuit Court. [PSR, p. 19] Further, Penn's history of substance abuse also presents an increased danger to the public and greater likelihood of recidivism. [*Id.*, p. 22] Thus, the Court concludes that the 92-month term of imprisonment previously imposed is needed to protect the public and provide necessary deterrence regarding future offenses.

At the time of the original sentencing hearing, the Court took into consideration the mitigating factors outlined in the PSR,[5] as well as the defendant's cooperation with authorities during the investigation. And while Penn has provided information detailing his rehabilitative progress since his incarceration, this mitigating factor does not offset the many aggravating factors outlined above.

The Court has also considered the high costs of incarceration but finds that the expenses that would be saved by reducing the defendant's sentence do not outweigh the other sentencing factors outlined above. In summary, after again reviewing the relevant § 3553

---

[4]     Penn was convicted of drug-related offenses in four different instances. He was also convicted of theft-related and driving-related offenses on nine occasions. [PSR, pp. 6–18]

[5]     The defendant asserts that he has a supportive family. [PSR, p. 21] In addition, he has held a "variety of contract labor type jobs." [*Id.*, p. 23] However, this has not prevented his significant criminal activity over the years.

factors and Penn's post-sentencing conduct,[6] the Court concludes that a minimum term of 92 months is necessary and appropriate under the circumstances.  Accordingly, it is hereby

**ORDERED** that Defendant Penn's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and appointment of counsel [Record No. 77] is **DENIED**.

This 21st day of January, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

[6]   The Court is not required to consider post-conviction conduct when considering Penn's request.  *See* U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)) (when considering whether to grant a § 3582(c)(2) sentence reduction, a district court "*may* consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment") (emphasis added). However, the information provided by Penn has been considered in connection with the current motion. Simply put, it does not alter the conclusion that a sentence reduction is not appropriate under the facts presented.